The opinion of the Court was delivered by
Whitneb, J.
This being an action of trespass quare clausum fregit, the injuries to plaintiff’s right of possession in the close, and the quo animo of defendants entered very essentially into the consideration of the case.
The character of the plaintiff’s possession and the right of the defendants to enter, we are informed, were assumed adversely to the latter, and in this respect the presiding judge concedes there was error in his instructions, and if prejudice thereby resulted they should have a new trial.
Under the circumstances these questions depended on. facts appropriately to be resolved by the jury.
The preponderance of testimony against defendants’ title to the freehold was certainly very great, if not conclusive; but the right of Mrs. Kirk to the possession, as tenant from year to year, was more complex and imposing, and taken in connection with the recent rude intrusion upon her possession, presented features in the case eminently proper for the jury. The direction given to the case below, we apprehend, was calculated to prejudice the defendants, the more especially in the question of damages. . The assumption of clear legal *64 blame upon any view of the case by tbe Court would, go far in excluding just consideration of the bona fides or honest mistake of the parties, which, however inadequate as matter of justification, directly affected the measure of compensation and punishment.
We think, therefore, the case should go back without prejudice, for another hearing.
A very earnest argument has been pressed upon this Court, that the building in question was not a fixture, and as a mere chattel might be properly reclaimed and removed. However difficult it may be in many instances to determine what may or may not be a fixture, or to lay down a general rule applicable to the different classes, this court is of one mind in reference to the case before us. With the authority relied on by counsel, it may be conceded that “ a tenant may so construct a building that it shall not be considered as affixed to the freehold in contemplation of law,” but we hesitate to adopt as a true test that “ unless a thing is absolutely attached to the realty by being set into the ground, or united to the freehold by means of nails, screws, bolts, mortars, or the like, the law regards it as a mere loose and moveable chattel.”
The whole subject is much discussed in a note found in 2 Smith’s Lead. Cas. 215, (Am. ed.) and many sensible deductions from adjudged cases, of approved authority there cited, will serve to illustrate the rule of the common law as well as the exceptions. Every thing which is annexed to the freehold becomes part of the realty, and can only be severed from it and reinvested with the character of personal property by the act of the owner of the land, and the rule applies not only to houses and other structures which are permanent in themselves, but to every chattel which is actually and substantially affixed to the freehold. Wherever these rules apply an exception must rest upon some reasonable and sensible distinction. This, we think, has not been shown in the present instance. True, it is termed a summer house, and *65 liberal rules are adopted in favor of tenants, which have been greatly enlarged in modern times, yet it was a dwelling house, successively occupied for a period of nearly thirty years, standing in the same place, added to occasionally, year after year. The appellant relies upon authority cited, that “ if a tenant erects a barn, granery, stable, or any other building upon blocks, rollers, stilts or pillars, the landlord is not entitled to consider it as .a part of the freehold.” Such a rule might constitute one half of the buildings in a parish, mere chattels.
Where the property of one has been attached to the freehold of another for a temporary purpose, with an express or implied agreement, that it shall not be permanently annexed to the land, it may be removed when that purpose is satisfied. This is a rule sustained by respectable authority cited in the note referred to above. Looking to the fact in this case, and the reason of the thing, it is manifest that this improvement should go with the freehold. It was a permanent dwelling house, built in the usual way, and doubtless was intended and understood as a consideration moving the owner of the soil to its occupation by another, without rent charge, that-these improvements, contemplated by the parties, would become essential parts of the freehold, improvements of the realty itself. Such is a just and fair implication, and dispenses with any discussion as to the rights of a tenant to remove as before and after the surrender or expiration of the lease.
Though the case goes back upon other grounds, it may not be deemed extraneous to present the above views, as indicating the mind of the Court, and therefore save at least a portion of the labor and time necessary to another hearing.
The motion for a new trial is granted.
O’Neall, W ardlaw, Withers and Glover, JJ., concurred.

Motion grafted.